UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUVON POTTER,<br><br>                        Petitioner,<br><br>              v.<br><br>S. SHERMAN, Warden,<br><br>                        Respondent.<br>_____ | ) Case No. CV 16-756 R(JC)<br>)<br>)<br>) ORDER DENYING PETITION<br>) FOR WRIT OF HABEAS<br>) CORPUS AND DISMISSING<br>) ACTION WITHOUT PREJUDICE<br>)<br>)<br>)<br>) |

**I.    SUMMARY**

On February 3, 2016, petitioner Yuvon Potter ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition"). The Current Federal Petition challenges petitioner's 2010 conviction following a trial in Los Angeles County Superior Court Case No. KA-086882 ("State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

///

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II.    PROCEDURAL HISTORY[2]

### A.    State Proceedings

On March 26, 2010, following petitioner's waiver of his right to a jury trial, a Los Angeles County Superior Court judge found petitioner guilty of committing a lewd act with a child under the age of fourteen, oral copulation on a person under the age of fourteen and more than ten years younger than the perpetrator, and sexual penetration by a foreign object of a person under the age of fourteen and more than ten years younger than the perpetrator. The court also found true allegations that petitioner suffered several prior serious felony convictions. On April 30, 2010, the trial court sentenced petitioner to a total of thirty-five years in state prison.

On February 7, 2011, the California Court of Appeal, Second Appellate District, Division 5 ("California Court of Appeal"), affirmed the judgment in a reasoned decision in Case No. B224377. On April 13, 2011, the California Supreme Court denied review without comment in Case No. S190691.

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]The facts and procedural history set forth in this section are derived from the Current Petition and attachments thereto, the dockets of the California Court of Appeal and California Supreme Court (available via http://appellatecases.courtinfo.ca.gov) of which this Court takes judicial notice, and/or court records in the following Central District of California ("CDCA") and Ninth Circuit Cases of which this Court takes judicial notice: (1) Yuvon Potter v. Brenda Cash, CDCA Case No. 11-5712 R(JC) ("First Federal Petition" or "First Federal Action"); and (2) Yuvon Potter v. Brenda Cash, Ninth Circuit Case No. 13-55647. See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

2

On October 5, 2015, petitioner signed a habeas petition challenging the State Conviction, which was formally filed on October 8, 2015, in California Supreme Court Case No. S229850.  On January 13, 2016, the California Supreme Court denied such petition with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), signifying that such petition was untimely.  See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

## B.    First Federal Action and Ninth Circuit Action

On July 12, 2011, petitioner filed the First Federal Petition challenging the State Conviction, claiming that the evidence was insufficient to support his convictions for oral copulation and sexual penetration of a person under the age of fourteen and more than ten years younger than the perpetrator.  On June 13, 2012, the assigned Magistrate Judge issued a Report and Recommendation recommending that the First Federal Petition be denied with prejudice on its merits.  On July 19, 2012, this Court issued an Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge and directed that Judgment be entered denying the First Federal Petition and dismissing the First Federal Action with prejudice.  On July 20, 2012, judgment was entered accordingly.  This Court's order denying a certificate of appealability was also entered on July 20, 2012.

On April 12, 2013, petitioner filed a notice of appeal to the Ninth Circuit. On May 14, 2013, in the Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability because the notice of appeal was not timely filed.

## C.    Current Federal Petition

As noted above, on February 3, 2016, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case.  The record does

///

///

1  not reflect that petitioner has obtained authorization from the Ninth Circuit to file

2  the Current Federal Petition in District Court.[3]

3  **III.   DISCUSSION**

4         Before a habeas petitioner may file a second or successive petition in a

5  district court, he must apply to the appropriate court of appeals for an order

6  authorizing the district court to consider the application.  Burton v. Stewart, 549

7  U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision

8  "creates a 'gatekeeping' mechanism for the consideration of second or successive

9  applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also

10 Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing

11 applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to

12 consider the merits of a second or successive habeas petition in the absence of

13 proper authorization from a court of appeals.  Cooper v. Calderon, 274 F.3d 1270,

14 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen,

15 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

16        The court of appeals may authorize the filing of a second or successive

17 petition only if it determines that the petition makes a prima facie showing that at

18 least one claim within the petition satisfies the requirements of 28 U.S.C.

19 Section 2244(b), i.e., that a claim which was not presented in a prior application (1)

20 relies on a new rule of constitutional law, made retroactive to cases on collateral

21 review by the Supreme Court; or (2) the factual predicate for the claim could not

22 have been discovered previously through the exercise of due diligence and the facts

23 underlying the claim would be sufficient to establish that, but for constitutional

24 errors, no reasonable factfinder would have found the applicant

25 ///

26

27

28
       [3]A search of the court's PACER system does not reflect that petitioner has been granted
leave to file a second or successive petition by the Ninth Circuit.

1  guilty of the underlying offense.  Nevius v. McDaniel, 104 F.3d 1120, 1120-21

2  (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

3          A second or subsequent habeas petition is not considered "successive" if the

4  initial habeas petition was dismissed for a technical or procedural reason, rather

5  than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second

6  habeas petition not "successive" if initial habeas petition dismissed for failure to

7  exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645

8  (1998) (second habeas petition not "successive" if claim raised in first habeas

9  petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030

10  (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition

11  on the merits rendering subsequent petition "second or successive"); Henderson v.

12  Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds

13  constitutes disposition on the merits rendering subsequent petition "second or

14  successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc.,

15  514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on

16  the merits) (citations omitted).

17          Petitioner's First Federal Petition was denied on its merits – not for a

18  technical or procedural reason.  Accordingly, the Current Federal Petition is

19  successive.  Since petitioner filed the Current Federal Petition without

20  authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

21  **IV.    ORDER**

22          IT IS THEREFORE ORDERED that the Current Federal Petition is denied

23  and this action is dismissed without prejudice.  The Clerk of the Court is directed

24  to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit

25  Rule 22-3(a).

26          IT IS SO ORDERED.

27  DATED: February 5, 2016

28                                              _____
                                                HONORABLE MANUEL L. REAL
                                                UNITED STATES DISTRICT JUDGE